**STATE of Minnesota, Respondent,**

v.

**Vernon PUGH, Appellant.**

**No. A07–1171.**

Court of Appeals of Minnesota.

July 22, 2008.

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, MN; and Mark A. Ostrem, Olmsted County Attorney, Rochester, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, MN.

Considered and decided by STONEBURNER, Presiding Judge; WORKE, Judge; and MUEHLBERG, Judge.

## OPINION

MUEHLBERG, Judge.*

Following remand for resentencing in accordance with *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *Taylor v. State*, 670 N.W.2d 584 (Minn.2003), the district court sentenced appellant to 144 months and ten

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

310

years of conditional release for first-degree criminal sexual conduct. The court also ordered that appellant have no contact with the victim of the offense. On appeal from resentencing, appellant argues that the district court did not have authority to impose the no-contact order and that his sentence violates the single-behavioral-incident statute. We affirm except as to the imposition of the no-contact order. Because the district court was not statutorily authorized to impose the no-contact order, we vacate that part of appellant's sentence.

## FACTS

The state charged appellant Vernon Lee Pugh with two counts of first-degree criminal sexual conduct in May 2002 for having sexual intercourse with his 11–year–old step-daughter. A jury found Pugh guilty on both counts, but the first count was "vacated and dismissed as being a lesser-included charge." At the sentencing hearing, the district court granted the state's motion for an upward sentencing departure and imposed a sentence of 180 months and ten years of conditional release on the second count. The court also "[ordered] that the defendant have no contact whatsoever with ... the victim of [the] offense."

Pugh appealed and challenged his sentence on two grounds. *State v. Pugh*, No. A04–663, 2005 WL 1019023, at *4–*5 (Minn.App. May 3, 2005). First, he contended that his sentence was invalid under *Taylor v. State*, 670 N.W.2d 584 (Minn. 2003) because some of the factors on which the departure was based were elements of the charged offense. Second, he argued that his sentence was invalid under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) because the district court had based the upward sentencing departure on factors that had been found by the court rather than by the jury. We agreed with Pugh and remanded the

case for sentencing in accordance with *Taylor* and *Blakely*.

At resentencing, the district court sentenced Pugh to 144 months, the presumptive sentence under the sentencing guidelines, and ten years of conditional release. The court emphasized that it was imposing the sentence on count two and that the first count had been "vacated and dismissed." The court also reimposed its order "that the defendant have no contact whatsoever with ... the victim of [the] offense."

On appeal from resentencing, Pugh argues that the district court did not have authority to impose a no-contact order as part of his executed sentence. In a pro se supplemental brief, he also asserts that his sentence violates the single-behavioral-incident statute. Minn.Stat. § 609.035, subd. 1 (2000).

## ISSUES

I. Did the district court have authority to impose a no-contact order as part of Pugh's executed sentence?

II. Does Pugh's sentence violate the single-behavioral-incident statute?

## ANALYSIS

### I.

■ Pugh challenges the district court's imposition of a no-contact order as part of his executed sentence. We review a sentence imposed by a district court "to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn. Stat. § 244.11, subd. 2(b) (2006).

■ "The legislature has the exclusive authority to define crimes and offenses and the range of the sentences or punishments for their violation." Minn.

Stat. § 609.095(a) (2006). Minnesota courts therefore do not have inherent authority to impose terms or conditions of sentences for criminal acts and must act within the limits of their statutory authority when imposing sentences. *Id.; State v. Olson,* 325 N.W.2d 13, 17 (Minn.1982). Consequently, a district court may not impose a no-contact order as part of an executed sentence unless the order is expressly authorized by statute. *Cf. Laux v. State,* 821 N.E.2d 816, 818–19 (Ind.2005) (vacating no-contact order that was imposed as part of executed sentence because the order was not authorized by statute); *State v. Post,* 279 Kan. 664, 112 P.3d 116, 120 (2005) (holding that, because no-contact order did not conform to statutory provision, order constituted illegal sentence).

The no-contact order that was imposed in this case was not statutorily authorized. Pugh was convicted of first-degree criminal sexual conduct, a felony offense. Minn.Stat. § 609.02, subd. 2 (2000) (defining felony as "crime for which a sentence of imprisonment for more than one year may be imposed"); Minn.Stat. § 609.342, subd. 2 (2000) (authorizing courts to sentence persons found guilty of first-degree criminal sexual conduct "to imprisonment for not more than 30 years or to a payment of a fine of not more than $40,000, or both"). Minn.Stat. § 609.10, subd. 1 (2000) sets forth the sentences available for felony offenses. It authorizes courts to order imprisonment of the defendant, payment of a fine, payment of court-ordered restitution and/or payment of a local correctional fee. *Id.* Minn.Stat. § 609.10, subd. 1, does not authorize a court to prohibit the defendant from having contact with the victim of the crime. Nor does Minn.Stat. § 609.342, subd. 2, which specifically addresses the penalty for first-degree criminal sexual conduct, authorize the imposition of a no-contact order. The district court therefore acted without authority when it imposed a no-contact order as part of Pugh's executed sentence.

The state emphasizes that the Minnesota Statutes authorize district courts to impose no-contact orders in a number of different situations. Indeed, a court may impose a no-contact order in a criminal proceeding for domestic abuse, Minn.Stat. § 518B.01, subd. 4 (2006), may issue a restraining order if a petitioner fulfills several procedural requirements and shows "that there are reasonable grounds to believe that the respondent has engaged in harassment," Minn.Stat. § 609.748, subd. 5 (2006), and may issue a temporary no-contact order to protect an alleged victim until a defendant is either acquitted or convicted, Minn.Stat. § 629.715, subd. 4 (2006). But none of the provisions cited by the state authorizes a district court to issue a no-contact order as part of an executed sentence for first-degree criminal sexual conduct.

■ The state also argues that, by failing to raise the issue with the district court, Pugh waived his argument that the district court did not have authority to impose the no-contact order. Under Minnesota caselaw, however, Pugh could not waive his challenge to the no-contact order. Because courts have authority to correct an illegal sentence at any time under Minn. R.Crim. P. 27.03, subd. 9, a defendant cannot forfeit, or waive by silence, review of an illegal sentence. *State v. Maurstad,* 733 N.W.2d 141, 146–47 (Minn.2007) (holding that defendant could not waive review of his criminal history score because sentence based on incorrect score is illegal sentence). Therefore, because the no-contact order constituted an illegal sentence, Pugh could not and did not waive his challenge to the order.

## II.

■ Pugh raises a second issue in his pro se supplemental brief. The brief con-

sists of Pugh's "motion of allocution" and is a copy of the motion he submitted to the district court before his resentencing. At his resentencing hearing, Pugh was permitted to orally clarify the argument he set forth in his motion of allocution. The district court construed Pugh's statements as an argument that he should not be sentenced on both of the matters for which he was convicted. Pugh did not object to this interpretation of his argument.

Although Pugh correctly notes in his brief that the single-behavioral-incident statute protects defendants from being punished for multiple offenses arising from the same behavioral incident, his argument that his sentence violates the statute fails because he was not punished for multiple offenses. Minn.Stat. § 609.035, subd. 1 (2000); *State v. Schmidt*, 612 N.W.2d 871, 876 (Minn.2000). Pugh was only sentenced for one count of first-degree criminal sexual conduct. Although the jury convicted him of two counts, the district court vacated and dismissed one of the counts "as being a lesser-included charge."

Because the district court only sentenced Pugh for violating Minn.Stat. § 609.342, subd. 1(h)(iii) (2000), a single offense, his claim that the court violated the single-behavioral-incident statute is without merit.

### DECISION

We affirm Pugh's sentence of 144 months and 10 years of conditional release for first-degree criminal sexual conduct. But, because the district court was not statutorily authorized to impose the no-contact order, we vacate that part of Pugh's sentence.

**Affirmed as modified.**