**STATE of Minnesota, Respondent,**

v.

**Amy Lynn BRIST, Appellant.**

**No. A10–979.**

Court of Appeals of Minnesota.

June 6, 2011.

Lori Swanson, Attorney General, Joan M. Eichhorst, Assistant Attorney General, St. Paul, MN; and David Hauser, Otter Tail County Attorney, Fergus Falls, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Steven P. Russett, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by WRIGHT, Presiding Judge; LARKIN, Judge; and COLLINS, Judge.

## OPINION

COLLINS, Judge.[*]

Appellant challenges her convictions of controlled-substance crime, arguing that the district court violated the Confrontation Clause of the Sixth Amendment by admitting into evidence a recorded statement that a nontestifying co-conspirator made to a confidential police informant. Appellant also argues that the district court erred by placing certain conditions on her executed sentence. We affirm in part, reverse in part, and remand.

## FACTS

The state charged appellant Amy Lynn Brist with six counts of controlled-substance crime, stemming from a series of methamphetamine transactions. Appellant challenges the admission into evidence of a statement, made by an alleged co-conspirator to a confidential informant for the West Central Drug Task Force, regarding appellant's participation in one of the transactions.

The informant testified that he arranged to meet appellant and her boyfriend, Johnny Garcia, at a convenience store and to purchase methamphetamine from them. The informant met appellant in the store's parking lot; she told him that Garcia, who was in the store's restroom, had the methamphetamine. Garcia and the informant eventually entered the informant's vehicle, where the informant purchased methamphetamine from Garcia. In addition, Garcia gave the informant one-quarter of a gram of methamphetamine, saying: "Here's the—a quarter that she owes you." The informant explained that Garcia was referring to a previous methamphetamine transaction between appellant and the in-

---

[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

formant. An audio-recording of Garcia's statement to the informant was played for the jury.

The jury found appellant guilty of all six counts. The district court sentenced appellant to a 68–month prison term and ordered her to "participate in [chemical-dependency] treatment while in prison or upon release followed by Halfway House placement." This appeal followed.

## ISSUES

I. Did the admission into evidence of Garcia's statement to the informant violate the Confrontation Clause?

II. Did the district court have authority to order appellant, as conditions of her executed sentence, to participate in chemical-dependency treatment and to reside in a halfway house?

## ANALYSIS

### I.

■ Appellant argues that the district court violated her confrontation rights by allowing the jury to hear the recorded statement that Garcia, who did not testify, made to the informant. We disagree.

A criminal defendant has the right to confront the witnesses against her. U.S. Const. amend. VI. We review de novo whether the Confrontation Clause was violated. *Danforth v. State,* 761 N.W.2d 493, 495 (Minn.2009).

Here, the district court admitted Garcia's recorded statement under the hearsay exclusion for statements of a co-conspirator made in furtherance of a conspiracy. *See* Minn. R. Evid. 801(d)(2)(E). "In order to admit out-of-court statements as co-conspirator non-hearsay, two things must be shown. First, the statements must satisfy the requirements of Minn. R. Evid.

801(d)(2)(E). Second, the introduction of the statements must not violate the Confrontation Clause of the Sixth Amendment." *State v. Larson,* 788 N.W.2d 25, 36 (Minn.2010) (footnote omitted).

Rule 801(d)(2)(E) provides, in relevant part:

> [T]o have a coconspirator's declaration admitted, there must be a showing, by a preponderance of the evidence, (i) that there was a conspiracy involving both the declarant and the party against whom the statement is offered, and (ii) that the statement was made in the course of and in furtherance of the conspiracy.

The district court addressed these requirements when it overruled appellant's objection to the admission of Garcia's statement, and appellant does not argue that the rule's requirements were not met. We therefore proceed to analyze whether admission of the statement violated the Confrontation Clause. *See Larson,* 788 N.W.2d at 36 (analyzing co-conspirator statements for Confrontation Clause violation).

Appellant argues that the admission of Garcia's statement violated her rights under the Confrontation Clause. Appellant contends that the statement was a product of police interrogation because it was made to a person who, unbeknownst to Garcia, was a police informant. Appellant argues that the statement was therefore "testimonial" under *Crawford v. Washington* and inadmissible because Garcia was not available for cross-examination. *See Crawford v. Washington,* 541 U.S. 36, 68–69, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004) (holding that testimonial statements are inadmissible if declarant is unavailable and was not previously subject to cross-examination).

Appellant is correct that testimonial statements implicate the Confrontation Clause. *See id.* at 53–54, 124 S.Ct. at 1365–66; *Larson,* 788 N.W.2d at 36. In *Crawford,* the Supreme Court defined testimony as "a solemn declaration or affirmation made for the purpose of establishing or proving some fact" and explained that a declarant who "makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." 541 U.S. at 51, 124 S.Ct. at 1364 (quotation omitted). The Court noted that "[s]tatements taken by police officers in the course of interrogations are ... testimonial under even a narrow standard." *Id.* at 52, 124 S.Ct. at 1364.

In *Davis v. Washington,* the Supreme Court distinguished "statements made unwittingly to a Government informant" from those made knowingly to law-enforcement personnel and characterized the former as "clearly nontestimonial." 547 U.S. 813, 825, 826–28, 126 S.Ct. 2266, 2275, 2276–77, 165 L.Ed.2d 224 (2006) (holding that statements made knowingly to law-enforcement personnel are nontestimonial when the primary purpose of the interrogation is to meet an ongoing emergency).

■ Because a declarant's statement to an individual he believes to be unaffiliated with law enforcement is not akin to a solemn declaration made for the purpose of establishing a fact, such statements do not implicate the Confrontation Clause. *United States v. Smalls,* 605 F.3d 765, 778–80 (10th Cir.2010) (holding that recorded statement was nontestimonial when made to a "fellow inmate and apparent friend" who questioned declarant at behest of the government); *United States v. Johnson,* 581 F.3d 320, 324–25 (6th Cir. 2009) (holding that statements, made to an FBI informant while declarant was in prison and recorded without the declarant's

knowledge, were not testimonial); *United States v. Watson,* 525 F.3d 583, 589 (7th Cir.2008) (holding that declarant's "private statement to a confederate," which was secretly recorded by the FBI, was not testimonial); *United States v. Udeozor,* 515 F.3d 260, 270 (4th Cir.2008) (holding that statements defendant made to victim during telephone calls that were coordinated and recorded by police were not testimonial); *United States v. Underwood,* 446 F.3d 1340, 1347–48 (11th Cir.2006) (holding that statements made to a confidential informant and recorded without declarant's knowledge were nontestimonial); *United States v. Hendricks,* 395 F.3d 173, 182–84 (3d Cir.2005) (holding that declarant's "face-to-face conversations" with a confidential informant that the informant surreptitiously recorded were not testimonial); *United States v. Saget,* 377 F.3d 223, 228–30 (2d Cir.2004) (holding that a declarant's statements to a confidential informant, "whose true status is unknown to the declarant," are not testimonial); *see also Larson,* 788 N.W.2d at 36–37 (distinguishing testimonial statements from those made to friends and acquaintances); *cf. Michigan v. Bryant,* —— U.S. ——, 131 S.Ct. 1143, 1156–62, 179 L.Ed.2d 93 (2011) (discussing primary-purpose inquiry for determining when statements made to known law-enforcement personnel are nontestimonial).

Additionally, "co-conspirator's statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *United States v. Singh,* 494 F.3d 653, 658 (8th Cir.2007), *quoted in Larson,* 788 N.W.2d at 37; *see also Giles v. California,* 554 U.S. 353, 374–75 n. 6, 128 S.Ct. 2678, 2691 n. 6, 171 L.Ed.2d 488 (2008) (stating that "an incriminating statement in fur-

therance of [a] conspiracy would probably never be ... testimonial"); *Crawford*, 541 U.S. at 56, 124 S.Ct. at 1367 (noting that "statements in furtherance of a conspiracy" are "by their nature ... not testimonial").

Here, Garcia did not know that the person to whom he made the statement was an agent of the police. The record shows that Garcia made a statement in furtherance of a criminal conspiracy to a person whom he had known for several years and to whom he had sold drugs in the past; he was not bearing testimony against appellant in the course of police interrogation as contemplated in *Crawford*. We therefore conclude that Garcia's statement was nontestimonial and did not implicate appellant's right to be confronted with the witnesses against her.

## II.

■ Appellant argues, and the state agrees, that the district court lacked authority to order her to participate in chemical-dependency treatment while incarcerated and to reside in a halfway house while on supervised release.

We review a sentence "to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn. Stat. § 244.11, subd. 2(b) (2008); *State v. Pugh*, 753 N.W.2d 308, 310 (Minn.App. 2008).

■ Minnesota courts "do not have inherent authority to impose terms or conditions of sentences for criminal acts and must act within the limits of their statutory authority when imposing sentences." *Pugh*, 753 N.W.2d at 311; *see also* Minn. Stat. § 609.095 (2008) (declaring that courts may only impose sentences or punishments that are authorized by the legis-

lature). Here, the district court imposed an executed sentence on appellant's conviction of aiding and abetting second-degree controlled-substance crime (sale of methamphetamine in a park zone). The statute establishing the penalty for this crime does not expressly allow the district court to order conditions on appellant's incarceration or supervised release. *See* Minn.Stat. § 152.022, subd. 3 (2008). And Minnesota law provides that the power to impose conditions on incarceration or supervised release resides with the Commissioner of Corrections, not the sentencing court. *See State v. Schwartz*, 628 N.W.2d 134, 138–40 (Minn.2001) (stating that commissioner has authority over matters of supervised release); *State v. Cook*, 617 N.W.2d 417, 420–21 (Minn.App.2000) ("[T]he Commissioner of Corrections, not the sentencing court, is responsible for determining the conditions of a prisoner's incarceration."), *review denied* (Minn. Nov. 21, 2000). *See generally* Minn.Stat. § 609.10 (2008) (describing generally sentences court may impose).

Thus, the district court was not authorized by law to order appellant, as conditions on her executed sentence, to participate in chemical-dependency treatment or to reside in a halfway house.

## DECISION

Because Garcia's statement was made unwittingly to a confidential police informant, the statement was nontestimonial under *Crawford* and its admission did not violate the Confrontation Clause. We therefore affirm appellant's convictions.

Because the district court was not authorized by law to order appellant, as conditions on her executed sentence, to participate in chemical-dependency treatment or to reside in a halfway house, we remand

for the district court to modify appellant's sentence in accordance with this opinion.

**Affirmed in part, reversed in part, and remanded.**