*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1708**

State of Minnesota,
Respondent,

vs.

Johnathan Richard Beying,
Appellant

**Filed September 2, 2014
Affirmed in part and reversed in part
Peterson, Judge**

Washington County District Court
File No. 82-CR-12-865

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Peter James Orput, Washington County Attorney, Robin Michelle Wolpert, Assistant County Attorney, Stillwater, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sean Michael McGuire, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and Schellhas, Judge.

UNPUBLISHED OPINION

**PETERSON**, Judge

In this sentencing appeal, appellant argues that (1) the district court had no authority to impose a no-contact order as part of his sentence and (2) his top-of-the-box sentence is excessive. We affirm in part and reverse in part.

## FACTS

Appellant Johnathan Beying pleaded guilty to one count of first-degree criminal sexual conduct, in violation of Minn. Stat. § 609.342, subd. 1(a) (2010). Under the sentencing guidelines, the presumptive sentence range for this offense is 144 months to 187 months. At the sentencing hearing, appellant asked the district court to impose the bottom-of-the-box sentence, and respondent State of Minnesota asked the court to impose a sentence of 156 to 187 months. The district court sentenced appellant to 187 months and ordered him to have no contact with the victim. Appellant argues that the district court erred by imposing the no-contact order as part of his sentence and by imposing the top-of-the-box sentence without stating its reasons for doing so.

## DECISION

## I.

This court reviews a sentence imposed by the district court "to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the district court." Minn. Stat. § 244.11, subd. 2(b) (2010). This court has explained that because Minnesota courts

> do not have inherent authority to impose terms or conditions of sentences for criminal acts and must act within the limits of their statutory authority when imposing sentences[,] . . . a district court may not impose a no-contact order as part of an executed sentence unless the order is expressly authorized by statute.

*State v. Pugh*, 753 N.W.2d 308, 311 (Minn. App. 2008), *review denied* (Minn. Sept. 23, 2008).

Appellant pleaded guilty to first-degree criminal sexual conduct in violation of Minn. Stat. § 609.342, subd. 1(a), which is a felony offense, *see* Minn. Stat. § 609.02, subd. 2 (2010) (defining felony). The sentence expressly authorized by statute for a person convicted of violating Minn. Stat. § 609.342, subd. 1(a), is imprisonment for not more than 30 years or payment of a fine of not more than $40,000, or both. Minn. Stat. § 609.342, subd. 2(a) (2010). In addition to imprisonment and a fine, a person convicted of violating Minn. Stat. § 609.342, subd. 1(a), may be sentenced to pay court-ordered restitution and a local correctional fee. Minn. Stat. § 609.10, subd. 1(a) (2010). We have not found any statute that expressly authorizes a district court to impose a no-contact order as part of a sentence for violating Minn. Stat. § 609.342, subd. 1(a).

Respondent acknowledges that, under *Pugh*, a district court may not impose a no-contact order unless it is expressly authorized by statute. But respondent argues that this case "is distinguishable from *Pugh* because the purpose of the [no-contact order] here is not to punish Appellant by adding a term or condition of confinement—it is to protect [the victim] and the administration of justice."

Regardless of the purpose of the no-contact order, it was imposed as part of appellant's sentence; the only basis for imposing the order was that appellant was found guilty of violating Minn. Stat. § 609.342, subd. 1(a). Therefore, because no statute expressly authorizes a district court to impose a no-contact order as part of a sentence for first-degree criminal sexual conduct and district courts do not have inherent authority to impose sentences for criminal acts, the district court did not have authority to impose a no-contact order as part of appellant's sentence, and we reverse the no-contact order imposed by the district court.

## II.

Appellant argues that the district court imposed an excessive sentence when it sentenced him to the maximum presumptive term of imprisonment allowed under the sentencing guidelines without addressing any of the factors discussed in *State v. Trog*, 323 N.W.2d 28, 31 (Minn. 1982) (discussing mitigating sentencing factors).

This court reviews sentences imposed by the district court for an abuse of discretion. *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). Sentence ranges in the sentencing guidelines are presumed appropriate for the crimes to which they apply. Minn. Sent. Guidelines 2.D (Supp. 2011). "All three numbers in any given cell [on the sentencing guidelines grid] constitute an acceptable sentence . . . ." *State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008). "[A]ny sentence within the presumptive range for the convicted offense constitutes a presumptive sentence." *Delk*, 781 N.W.2d at 428.

Absent "identifiable, substantial, and compelling circumstances to support a sentence outside the range on the grids," the district court must impose the presumptive guidelines sentence. Minn. Sent. Guidelines 2.D. A district court is not required to explain its reasons for imposing a presumptive sentence, and we may not interfere with the district court's exercise of discretion so long as "the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Van Ruler*, 378 N.W.2d 77, 80-81 (Minn. 1985). "[I]t would be a rare case which would warrant reversal of the refusal to depart." *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

This case is not the rare case that warrants reversal of the district court's refusal to depart. The record demonstrates that the district court carefully reviewed the information presented before imposing a sentence within the guidelines range. The district court was not required to explain its reasons for imposing a guidelines sentence. Therefore, we affirm the 187-month sentence.

**Affirmed in part and reversed in part.**