*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0612**

State of Minnesota,
Appellant,

vs.

Daniel Joseph Perry,
Respondent.

**Filed December 14, 2015
Reversed and remanded
Schellhas, Judge**

Dakota County District Court
File No. 19HA-CR-14-2992

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, G. Paul Beaumaster, Assistant County Attorney, Hastings, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Sean Michael McGuire, Assistant Public Defender, St. Paul, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Rodenberg, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SCHELLHAS**, Judge

In this case involving a conviction of first-degree controlled-substance crime as a subsequent controlled-substance offense, appellant argues that the district court abused its

discretion by failing to sentence respondent to an executed term of imprisonment of at least 48 months. We reverse and remand for resentencing.

**FACTS**

Appellant State of Minnesota charged respondent Daniel Joseph Perry with first-degree controlled-substance crime and fleeing a peace officer in a motor vehicle based on an August 2014 incident. Perry pleaded guilty to both charges and to an unrelated charge of driving after revocation (DAR). He also admitted to violating his probation on a prior conviction of third-degree controlled-substance crime and requested execution of the sentence for the third-degree controlled-substance crime. The district court imposed executed sentences of 90 days' incarceration for the DAR conviction and 45 months' imprisonment for the conviction of third-degree controlled-substance crime, entered convictions of first-degree controlled-substance crime and fleeing a peace officer in a motor vehicle, imposed a sentence of 135 months' imprisonment for the first-degree controlled-substance conviction, and stayed execution of the 135-month sentence for 15 years.[1] This state's appeal follows.

---

[1] Reasoning that Perry committed the offenses of fleeing a peace officer in a motor vehicle and first-degree controlled-substance crime as part of "the same behavioral occurrence," the district court did not sentence Perry for his fleeing conviction. "Minnesota law generally prohibits a person from being punished twice for conduct that is part of the same behavioral incident, with certain exceptions." *State v. Holmes*, 778 N.W.2d 336, 339 (Minn. 2010); *see* Minn. Stat. § 609.035 (2014). The exceptions include fleeing a peace officer in a motor vehicle. Minn. Stat. § 609.035, subd. 5. The court could have sentenced Perry for both convictions, but the state does not raise this issue on appeal, and we therefore decline to address it. *See Ouk v. State*, 847 N.W.2d 698, 701 n.7 (Minn. 2014) ("Failure to brief or argue an issue on appeal results in waiver of that issue on appeal."), *cert. denied sub nom. Kim Thul Ouk v. Minn.*, 135 S. Ct. 1429 (2015).

**D E C I S I O N**

"[Appellate courts] review sentencing decisions for an abuse of discretion." *State v. Kangbateh*, 868 N.W.2d 10, 14 (Minn. 2015). A district court abuses its discretion by failing to execute a minimum term of imprisonment mandated by statute. *See State v. Adams*, 791 N.W.2d 757, 757–59 (Minn. App. 2010) (reversing sentence of 81 months' imprisonment, with execution stayed for 10 years, on grounds that "district court lacked discretion to place [defendant] on probation instead of committing her to the [statutory] minimum term" of 36 months' imprisonment for second-degree controlled-substance crime as subsequent controlled-substance offense), *review denied* (Minn. Mar. 15, 2011); *cf. State v. Blum*, 676 N.W.2d 649, 651 (Minn. 2004) (stating that "the legislature may restrict the exercise of judicial discretion in sentencing, such as by providing for mandatory sentences" (quotation omitted)).

"Whether [a statute] requires a mandatory minimum term of incarceration is a question of statutory construction which [appellate] court[s] review[] de novo." *See Bluhm*, 676 N.W.2d at 651. "The objective of statutory interpretation is to ascertain and effectuate the Legislature's intent." *State v. Struzyk*, 869 N.W.2d 280, 284 (Minn. 2015). "If the Legislature's intent is clear from the statute's plain and unambiguous language, then [appellate courts] interpret the statute according to its plain meaning without resorting to the canons of statutory construction." *Id.* at 284–85 (quotation omitted).

Minnesota law provides:

> If [a] conviction is a subsequent controlled substance conviction, a person convicted [of first-degree controlled-substance crime] shall be committed to the commissioner of

3

> corrections for not less than four years nor more than 40 years and, in addition, may be sentenced to payment of a fine of not more than $1,000,000.

Minn. Stat. § 152.021, subd. 3(b) (2014). "A defendant convicted and sentenced to a mandatory sentence under sections 152.021 to 152.025 . . . is not eligible for probation, parole, discharge, or supervised release until that person has served the full term of imprisonment as provided by law . . . ." Minn. Stat. § 152.026 (2014). The language of these statutes is plain and unambiguous: any sentence for first-degree controlled-substance crime as a subsequent controlled-substance offense must include an executed term of imprisonment of at least 48 months. Minn. Stat. §§ 152.021, subd. 3(b), .026; *see* Minn. Stat. § 645.44, subd. 16 (2014) (providing that "'[s]hall' is mandatory"); *Bluhm*, 676 N.W.2d at 650–53 (interpreting very similar language in Minn. Stat. §§ 152.025, subd. 3(b), .026 (2002), and concluding that Minnesota law mandates minimum sentence of six months' incarceration for fifth-degree controlled-substance crime as subsequent controlled-substance offense); *Adams*, 791 N.W.2d at 758–59 (interpreting nearly identical language in Minn. Stat. §§ 152.022, subd. 3(b), .026 (2006), and concluding that Minnesota law mandates executed prison sentence of at least 36 months for second-degree controlled-substance crime as subsequent controlled-substance offense); *State v. Turck*, 728 N.W.2d 544, 546, 548 (Minn. App. 2007) (interpreting nearly identical language in Minn. Stat. §§ 152.023, subd. 3(b) (2004), .026 (Supp. 2005), and concluding that Minnesota law mandates executed prison sentence of at least 24 months for third-degree controlled-substance crime as subsequent controlled-substance offense), *review denied* (Minn. May 30, 2007).

Here, the district court sentenced Perry to 135 months' imprisonment, with execution stayed for 15 years, for first-degree controlled-substance crime as a subsequent controlled-substance offense. The state argues that the court abused its discretion by failing to execute a term of imprisonment of at least 48 months. Perry acknowledges that "[t]he stay of execution of [his] sentence violates this Court's cases interpreting the drug statutes' mandatory-minimum language" but asserts a variety of arguments against reversal, which are not persuasive.

Perry first argues that the state both invited and forfeited the sentencing error. But "[a] criminal sentence that is contrary to the requirements of the applicable sentencing statute is unauthorized by law," *State v. Rausch*, 799 N.W.2d 19, 21 (Minn. App. 2011) (quotation omitted), and "courts are empowered 'at any time' to correct sentences not authorized by law," *Spann v. State*, 740 N.W.2d 570, 573 (Minn. 2007) (quoting Minn. R. Crim. P. 27.03, subd. 9). The state's failure to alert the district court to the mandatory minimum therefore has no consequence on appeal. *Cf. State v. Pugh*, 753 N.W.2d 308, 311 (Minn. App. 2008) ("Because courts have authority to correct an illegal sentence at any time under Minn. R.Crim. P. 27.03, subd. 9, a defendant cannot forfeit, or waive by silence, review of an illegal sentence."), *review denied* (Minn. Sept. 23, 2008).

Perry also asks this court to "reexamine" *Adams* and *Turck*, claiming that those cases were decided wrongly because "they did not address all relevant statutory authority." Specifically, Perry argues that a statute permitting appellate courts to vacate a sentence that is "inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact," Minn. Stat.

5

§ 244.11, subd. 2(b) (2014), also "provide[s] appellate courts the discretion to affirm departures from statutory minimums in cases . . . where imposing the mandated penalty would violate basic notions of fairness and justice." Perry fails to address supreme court caselaw—i.e., *Bluhm*, 676 N.W.2d at 651–53—that is consistent with *Adams* and *Turck*. "As an error-correcting court, this court is not in a position to overturn established supreme court precedent." *State v. Grigsby*, 806 N.W.2d 101, 114 (Minn. App. 2011) (quotation omitted), *aff'd*, 818 N.W.2d 511 (Minn. 2012). And regarding *Adams* and *Turck*, "[appellate courts] recognize the importance of stare decisis in [their] decision making and are extremely reluctant to overrule precedent, requiring a compelling reason to do so." *Roman Nose v. State*, 845 N.W.2d 193, 198 (Minn. 2014) (quotation omitted), *cert. denied sub nom. Nose v. Minn.*, 135 S. Ct. 193 (2014). No compelling reason exists in this case, and Perry's section-244.11 argument therefore fails.

We conclude that the district court abused its discretion by sentencing respondent without regard to the mandatory minimum; we therefore reverse and remand for resentencing in accordance with Minn. Stat. §§ 152.021, subd. 3(b), .026. *See Adams*, 791 N.W.2d at 758–59. We note that the state additionally argues that the district court's downward dispositional departure was not supported by substantial and compelling circumstances. "Because we are reversing and remanding for resentencing, we do not address the validity of the factors upon which the district court based its dispositional departure." *See id.* at 759.

**Reversed and remanded.**

6