**STATE of Minnesota, Appellant,**

v.

**Kevin Donald TURCK, Respondent.**

No. A06–846.

Court of Appeals of Minnesota.

March 20, 2007.

---

Lori Swanson, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Vance. B. Grannis, III, Assistant County Attorney, Dakota County Judicial Center, Hastings, MN, for appellant.

John M. Stuart, State Public Defender, Philip Marron, Assistant Public Defender, Minneapolis, MN, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge; HALBROOKS, Judge; and ROSS, Judge.

## OPINION

HALBROOKS, Judge.

On appeal from the district court's decision to stay execution of respondent's sentence and place him on probation, appellant State of Minnesota argues that the district court erred by failing to impose the mandatory-minimum sentence required under Minn.Stat. § 152.023, subd. 3(b) (2004). Because we conclude that the district court erred, we reverse and remand for resentencing.

## FACTS

Respondent Kevin Donald Turck pleaded guilty to one count of third-degree controlled-substance crime in violation of Minn.Stat. § 152.023, subds. 2(1), 3(b)

(2004), for possession of 4.58 grams of methamphetamine. The offense is a severity-level six offense, and respondent has seven criminal-history points. Appellant asked for the presumptive sentence. The district court sentenced respondent to the 71–month presumptive sentence but stayed execution for 30 years and placed respondent on probation with the conditions that respondent successfully complete the Teen Challenge 13–month chemical-dependency-treatment program, abstain from all illegal drugs, obtain a psychological evaluation, and submit a DNA sample. The district court based its downward departure on the interests of justice and respondent's amenability to treatment. This appeal follows.

## ISSUE

Must a person convicted under Minn. Stat. §§ 152.023, subd. 3(b) (2004), and .026 (Supp.2005), who has a previous qualifying controlled-substance conviction, serve a mandatory-minimum sentence?

## ANALYSIS

■ Whether Minn.Stat. §§ 152.023, subd. 3(b) (2004), .026 (Supp.2005), require a mandatory-minimum term of incarceration is a question of statutory construction, which we review de novo. *State v. Bluhm,* 676 N.W.2d 649, 651 (Minn.2004). The objective in interpreting and construing statutes "is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16 (2004). The first step in this process is to determine whether the statutory language is clear. *Id.; Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000). "[W]hen the legislature's intent is clear from plain and unambiguous statutory language, this court does not engage in any further construction and in-

stead looks to the plain meaning of the statutory language." *Bluhm,* 676 N.W.2d at 651 (quotation omitted). Ambiguity exists "when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Group,* 616 N.W.2d at 277 (quotation omitted).

■ We presume that crimes do not have minimum sentences absent certainty that the legislature intended to authorize a minimum sentence. *State v. Ronquist,* 600 N.W.2d 444, 446 (Minn.1999). This presumption is based on the belief "that probation is an authorized dispositional alternative." *State v. Childers,* 309 N.W.2d 37, 38 (Minn.1981). Likewise, the legislature has limited the use of minimum sentences. Minn.Stat. § 609.11, subd. 1 (2004) ("All commitments to the commissioner of corrections for imprisonment of the defendant are without minimum terms except when the sentence is to life imprisonment as required by law and except as otherwise provided in this chapter."). The legislature also prefers "intermediate sanctions," which district courts should order "where practicable." Minn.Stat. § 609.135, subd. 6 (2004). Intermediate sanctions include "chemical dependency or mental health treatment or counseling." Minn.Stat. § 609.135, subd. 1(b) (2004).

Drug offenses are one exception to the legislature's avoidance of mandatory-minimum sentences. Minn.Stat. § 609.11, subd. 5a (2004) (stating that, "whenever a defendant is subject to a mandatory minimum sentence for a felony violation of chapter 152 and is also subject to this section, the minimum sentence imposed under this section shall be consecutive to that imposed under chapter 152"). In addition, "the legislature does not need to 'append language prohibiting waiver to every mandatory statute to ensure that the statute is given effect.'" *See Bluhm,* 676 N.W.2d at 652 (quoting *State v. Humes,*

581 N.W.2d 317, 319 (Minn.1998) (basing its holding on the canon of statutory construction that "shall" is mandatory)); *see also State v. Sheppard,* 587 N.W.2d 53, 56 (Minn.App.1998) (concluding that the legislature clearly intended mandatory-minimum sentences), *review denied* (Minn. Jan. 27, 1999).

■■■ A conviction of a third-degree controlled-substance crime has a maximum sentence of 20 years. Minn.Stat. § 152.023, subd. 3(a) (2004) (stating that, "[a] person convicted under subdivision 1 or 2 *may be sentenced* to imprisonment of not more than 20 years" (emphasis added)). But "[i]f the conviction is a *subsequent* controlled-substance conviction, a person convicted under subdivision 1 or 2 *shall be committed* to the commissioner of corrections for not less than two years nor more than 30 years." *Id.,* subd. 3(b) (emphasis added). Another statutory provision states that "[a] defendant convicted and sentenced to a mandatory sentence under sections 152.021 to 152.025 and 152.0262 *is not eligible for probation, parole, discharge, or supervised release until that person has served the full term of imprisonment as provided by law.*" Minn. Stat. § 152.026 (emphasis added). "Term of imprisonment" means two-thirds of the executed sentence. Minn.Stat. § 244.01, subd. 8 (2004). In considering Minn.Stat. § 152.025, subd. 3(b) (2002), which is similar to section 152.023, subdivision 3(b),[1] the supreme court held that "section 152.025 clearly mandates the minimum sentence to be served and section 152.026 specifically excludes the consideration of probation until the minimum term has actually been served." *Bluhm,* 676 N.W.2d at 653.

Minnesota law encourages rehabilitative sentences for first-, second-, and third-degree controlled-substance crimes:

If a person is convicted under section 152.021, 152.022, 152.023, or 152.0262, and the Sentencing Guidelines grid calls for a presumptive prison sentence for the offense, the court may stay imposition or execution of the sentence only as provided in this section. The sentence may be stayed based on amenability to probation only if the offender presents adequate evidence to the court that the offender has been accepted by, and can respond to, a treatment program that has been approved by the commissioner of human services. The court may impose a sentence that is a mitigated dispositional departure on any other ground only if the court includes as a condition of probation incarceration in a local jail or workhouse.

Minn.Stat. § 152.152 (Supp.2005). Here, the three significant statutory sections—152.023, 152.026, and 152.152—were enacted together. 1989 Minn. Laws ch. 290, art. 3, §§ 10, 13, 20, at 1598–99, 1601, 1603–04.

In considering these statutes, we give effect to the legislature's intent. Minn. Stat. § 645.16. In order to carry out the legislature's intent, we are required to give effect to all three statutory sections. *Id.* It is already established that section 152.026 and a statute similar to section 152.023 are unambiguous. *Bluhm,* 676 N.W.2d at 653. Similarly, section 152.152 is written clearly to apply to drug offenses that carry a presumptive sentence under the guidelines. It does not purport to apply to mandatory-minimum sentences.

The legislature enacted section 152.152 to be the sole method of staying execution

---

1. Minn.Stat. § 152.025, subd. 3(b) (2002), states that "[i]f the conviction is a *subsequent* controlled substance conviction, a person convicted under subdivision 1 or 2 *shall be committed* to the commissioner of corrections or to a local correctional authority for not less than six months nor more than ten years." (Emphasis added.)

for controlled-substance crimes. But section 152.026 makes an exception for mandatory sentences that may not be reduced by probation. Similarly, conviction of a controlled-substance crime carries a permissive statutory penalty for first-time offenders but a mandatory-minimum sentence for repeat offenders. Minn.Stat. § 152.023, subds. 3(a), (b). In giving effect to conflicting statutes, "the special provision shall prevail and shall be construed as an exception to the general provision." Minn.Stat. § 645.26, subd. 1 (2004). Therefore, the mandatory sentences for repeat controlled-substance offenders in sections 152.026 and 152.023, subdivision 3(b), must prevail over the provision for departures generally in section 152.152.

To ensure the effectiveness of all three statutory sections, we conclude that section 152.152 applies in two situations: first-time controlled-substance offenders and repeat offenders who have served their term of imprisonment. Sections 152.023 and 152.026 require repeat offenders to serve a minimum prison sentence. Because respondent's sentence is for a subsequent controlled-substance offense, he must serve a term of imprisonment of not less than two years. We therefore remand for resentencing pursuant to these mandatory-minimum statutory provisions.

## DECISION

Although Minn.Stat. § 152.152 (Supp. 2005) allows a district court to stay execution of a sentence for a controlled-substance crime when the defendant is amenable to probation, respondent's sentence cannot be stayed because he is a repeat offender convicted of a third-degree controlled-substance crime. Under the terms of Minn.Stat. §§ 152.023, subd. 3(b) (2004), and .026 (Supp.2005), the district court must sentence respondent to an executed prison term of not less than two years.

**Reversed and remanded.**