STATE of Minnesota, Appellant,

v.

Lindsey Marie ADAMS, Respondent.

No. A10–554.

Court of Appeals of Minnesota.

Dec. 28, 2010.

Lori Swanson, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Vance B. Grannis III, Assistant County Attorney, Hastings, MN, for appellant.

Lindsey M. Adams, St. Paul, MN, pro se respondent.

Considered and decided by HUDSON, Presiding Judge; ROSS, Judge; and SCHELLHAS, Judge.

## OPINION

SCHELLHAS, Judge.

On appeal from a stay of execution of respondent's sentence, the state argues that the district court erred by not executing the mandatory minimum sentence under Minn.Stat. § 152.022, subd. 3(b). Because we conclude that the district court erred, we reverse and remand for resentencing.

## FACTS

Respondent Lindsey Marie Adams pleaded guilty to one count of second-

degree controlled-substance crime in violation of Minn.Stat. § 152.022, subd. 1(1) (2006), for the sale of 3.33 grams of methamphetamine in February 2008. Because less than ten years had elapsed since Adams's sentence was discharged on a prior controlled-substance conviction, she was subject to sentencing under Minn.Stat. § 152.022, subd. 3(b).

Second-degree controlled-substance crime is a severity-level eight offense, and Adams had two criminal-history points. Appellant State of Minnesota sought the presumptive sentence of 68 months executed. *See* Minn. Sent. Guidelines II.E, IV, V (Supp.2007) (providing that presumptive sentence for second-degree controlled-substance crime with a criminal-history score of two is 68 months executed). The district court sentenced Adams to 81 months, which is at the top of the sentencing-guideline range. *See* Minn. Sent. Guidelines IV (Supp.2007). But the court stayed execution of the prison sentence for ten years, placed Adams on probation with various conditions, and imposed an interim sanction of jail time. The court listed eight reasons for its downward dispositional departure: (1) Adams had been sober for approximately one year; (2) she had family support that she did not have previously; (3) she saved the state and the court time; (4) she completed inpatient treatment through the Tapestry program; (5) she was sober for the first time in her life; (6) she was in counseling and encouraging others in Tapestry; (7) she was amenable to probation; and (8) she showed genuine remorse. The state challenges the validity of the dispositional departure. This appeal follows.

## ISSUE

Does Minnesota Statutes section 152.022, subdivision 3(b), which pertains to a defendant convicted of second-degree controlled-substance crime with a previous qualifying controlled-substance conviction, mandate a minimum term of incarceration?

## ANALYSIS

Whether section 152.022, subdivision 3(b), mandates a minimum term of incarceration is a question of statutory construction, which this court reviews de novo. *See State v. Bluhm*, 676 N.W.2d 649, 651 (Minn.2004) (discussing Minn.Stat. § 152.025, subd. 3(b) (2002)). The objective in interpreting and construing statutes "is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2006). "Every law shall be construed, if possible, to give effect to all its provisions." *Id.* We must first determine whether the statutory language is clear or ambiguous. *Id.; Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000). "[W]hen the legislature's intent is clear from plain and unambiguous statutory language, this court does not engage in any further construction and instead looks to the plain meaning of the statutory language." *Bluhm*, 676 N.W.2d at 651 (quotation omitted). A statute is ambiguous "when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Grp.*, 616 N.W.2d at 277 (quotation omitted).

Adams was convicted of possessing more than three grams of methamphetamine, a violation of Minn.Stat. § 152.022, subd. 1(1). Section 152.022, subdivision 3(b), provides that "[i]f the conviction is a subsequent controlled substance conviction, a person convicted under subdivision 1 ... shall be committed to the commissioner of corrections for not less than three years." And "[a] defendant convicted and sentenced to a mandatory sentence under sections 152.021 to 152.025 ... is not eligible for probation ... until that person has served the full term of imprisonment as

provided by law." Minn.Stat. § 152.026. The language of the statutes is clear and unambiguous. Minnesota Statutes sections 152.022, subdivision 3(b), and 152.026 mandate that a repeat offender serve a minimum sentence of three years and is not eligible for probation until that time is served. *See Bluhm,* 676 N.W.2d at 655 (reading "the plain language of sections 152.025, subdivision 3(b), and 152.026 [2002] as mandating that an individual subject to the penalty provision in section 152.025, subdivision 3(b), be committed to a local correctional authority for a minimum of six months and that the sentence actually be served"); *State v. Turck,* 728 N.W.2d 544, 548 (Minn.App.2007) (concluding that sections 152.023, subdivision 3(b), and 152.026 "require repeat offenders to serve a minimum prison sentence"), *review denied* (Minn. May 30, 2007).

A subsequent controlled-substance conviction is a conviction for an offense committed less than ten years after the defendant is discharged from a sentence for a previous conviction of a controlled-substance felony. Minn.Stat. § 152.01, subd. 16a (2006). Adams had three prior convictions for controlled-substance felonies. All of the convictions occurred in 2006 and 2007, and ten years have not passed since she was discharged from her sentences for those convictions. Therefore, Adams's conviction in this case is a subsequent controlled-substance conviction because the offense occurred less than ten years after discharge from her sentences on her prior controlled-substance felony convictions. Because Adams's conviction in this case is a subsequent controlled-substance conviction, we conclude that sections 152.022, subdivision 3(b), and 152.026 mandate an executed prison sentence of three years; they prohibit a stay of execution of sentence and probation. The district court lacked discretion to place Adams on probation instead of committing her to the minimum term called for in section 152.022, subdivision 3(b). *See Bluhm,* 676 N.W.2d at 653 ("Bluhm's argument that the sentencing court has the discretion to place a defendant being sentenced under section 152.025, subdivision 3(b), for a subsequent controlled substance crime on probation instead of committing her to the minimum term called for in that section fails.").

## DECISION

Because Adams's conviction of second-degree controlled-substance crime is a subsequent controlled-substance conviction, Minnesota Statutes sections 152.022, subdivision 3(b), and 152.026 mandate that the district court execute a sentence of a minimum term of incarceration of three years. The district court erred by staying execution of Adams's sentence and we therefore reverse and remand for resentencing consistent with this opinion. Because we are reversing and remanding for resentencing, we do not address the validity of the factors upon which the district court based its dispositional departure.

**Reversed and remanded.**