STATE of Minnesota, Appellant,

v.

Sarah DeAnn RAUSCH, Respondent.

No. A11–1.

Court of Appeals of Minnesota.

May 23, 2011.

Lori Swanson, Attorney General, St. Paul, MN; and Pete Orput, Washington County Attorney, Stillwater, MN, for appellant.

David W. Merchant, Chief Appellate Public Defender, Andrea Barts, Assistant Public Defender, St. Paul, MN, for respondent.

Considered and decided by BJORKMAN, Presiding Judge; STONEBURNER, Judge; and RANDALL, Judge.*

**OPINION**

STONEBURNER, Judge.

The state appeals the district court's downward departure from the statutory mandate that a person convicted of burgla-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

ry of an occupied dwelling must be committed to the commissioner of corrections or county workhouse for not less than six months, arguing that the district court lacks authority to depart downward from the mandatory sentence. We conclude that the district court erred by failing to impose the mandatory-minimum sentence for burglary of an occupied dwelling and reverse.

## FACTS

Following a dispute with her ex-boyfriend outside the ex-boyfriend's home, respondent Sarah DeAnn Rausch entered the home without consent, assaulted the ex-boyfriend, and damaged his vehicle. Rausch was charged with two counts of burglary, one count of harassment, and one count of assault. Rausch pleaded guilty to first-degree burglary of an occupied dwelling under Minn.Stat. § 609.582, subd. 1(a). Rausch's presumptive sentence under the Minnesota sentencing guidelines was 21 months, stayed. But Minn.Stat. § 609.582, subd. 1a, requires that "[a] person convicted of committing burglary of an occupied dwelling ... must be committed to the commissioner of corrections or county workhouse for not less than six months."

Under the terms of a plea agreement, the remaining charges were dismissed, and the state agreed to a stay of imposition of sentence with the understanding that Rausch would be asking the district court to depart from the mandatory-minimum sentence and allow her to serve any jail time in alternative programs.[1]

At sentencing, the state argued that a sentence of either six months in the workhouse or commitment to the commissioner of corrections was mandatory, and Rausch argued that the district court could exercise its discretion to sentence without regard to the mandatory-minimum sentence. The district court agreed with Rausch. The district court stayed imposition and placed Rausch on probation for ten years, conditioned on serving 60 days in the workhouse, with 15 days to be served in custody, and the remaining days to be served in alternative service. The state appeals, arguing that the district court lacks authority to modify the six-month mandatory-minimum sentence contained in Minn.Stat. § 609.582, subd. 1a.

## ISSUE

Does a district court have authority to modify the mandatory-minimum sentence contained in Minn.Stat. § 609.582, subd. 1a, for a conviction of burglary of an occupied dwelling?

## ANALYSIS

■■■ "[C]ourts have no inherent authority to impose terms or conditions of sentence for criminal acts and ... the power to prescribe punishment for such acts rests with the legislature." *State v. Olson*, 325 N.W.2d 13, 17 (Minn.1982). "A criminal sentence that is contrary to the requirements of the applicable sentencing statute is unauthorized by law." *State v. Cook*, 617 N.W.2d, 417, 419 (Minn.App. 2000), *review denied* (Minn. Nov. 1, 2000). Whether a statute has been properly construed is a question of law subject to de novo review. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996).

■■ Minn.Stat. § 609.582, subd. 1a, provides:

A person convicted of committing burglary of an occupied dwelling, as defined in subdivision 1, clause (a), must be committed to the commissioner of correc-

---

1. The written plea petition references "E Hom, CWS, & OOC STS."

# 22

tions or county workhouse for not less than six months.

When a statute is not ambiguous, it must be given its plain meaning. *State v. Al–Naseer,* 734 N.W.2d 679, 684 (Minn.2007). There is no ambiguity in Minn.Stat. § 609.582, subd. 1a. A person convicted of burglary of an occupied dwelling, as defined in Minn.Stat. § 609.582, subd. 1(a), *must* be committed for six months to either the commissioner of corrections or the workhouse. When the legislature uses the word "must," it intends for a statute to impose a mandatory condition, "unless another intention clearly appears." Minn. Stat. § 645.44, subds. 1, 15a (2010). Here, no other intention appears.

At sentencing, Rausch, citing *Olson,* argued that the district court has "discretion sua sponte to sentence without regard to" statutory mandatory-minimum sentences. But *Olson* states that "the legislature may restrict the exercise of judicial discretion in sentencing, such as by providing for mandatory sentences." 325 N.W.2d. at 18. The sentencing statute involved in *Olson,* containing mandatory-minimum sentences for certain offenses involving firearms, specifically provided authority to the district court to sentence without regard to the mandatory-minimum sentence, but only on the prosecutor's motion. *Id.* at 15. The supreme court held in *Olson* that the legislature cannot constitutionally give "the power to initiate sentencing without regard to statutory minimums" solely to the prosecutor, and interpreted the statute "to give courts and prosecutors alike the power to initiate sentencing without regard to statutory minimums." *Id.* at 19. *Olson* does not stand for the proposition that a district court has discretion to de-

part from every statutory mandatory-minimum sentence.

■■■ On appeal, Rausch argues that Minn.Stat. § 609.583 gives the district court authority to sentence without regard to the mandatory-minimum sentence because this is Rausch's first conviction of burglary of a dwelling.[2] Minn.Stat. § 609.583 provides:

Except as provided in section 609.582, subdivision 1a, in determining an appropriate disposition for a first offense of burglary of a dwelling, the court shall presume that a stay of execution with at least a 90–day period of incarceration as a condition of probation shall be imposed unless the defendant's criminal history score determined according to Sentencing Guidelines indicates a presumptive executed sentence, in which case the presumptive executed sentence shall be imposed unless the court departs from the Sentencing Guidelines pursuant to section 244.10. A stay of imposition of sentence may be granted only if accompanied by a statement on the record of the reasons for it. The presumptive period of incarceration may be waived in whole or in part by the court if the defendant provides restitution or performs community work service.

Rausch argues that the exception provision in section 609.582, subdivision 1a, applies only to the first sentence of section 609.583, and does not preclude waiver of the presumptive period of incarceration. We disagree.

Generally, section 609.583 provides for a district court's discretionary departure from presumptive sentences when sentencing people convicted of burglary. Minn. Stat. § 609.583. Rausch asserts that only

---

**2.** Rausch did not make this specific argument to the district court, but the district court's stated rationale for sentencing without regard

to the mandatory-minimum sentence can be read to imply that the district court had Minn. Stat. § 609.583 in mind.

the first sentence of section 609.583 is a bar to departure under section 609.582, subdivision 1a, and that the second two sentences of section 609.583 allow for a stay of imposition for any sentence arising from a burglary conviction. But the statute is stated in a single paragraph that is not subdivided or separated by conjunctions and should be read as a whole. *See Munger v. State,* 749 N.W.2d 335, 338 (Minn.2008) (stating that a statute's several parts will be found to be disjunctive when "signified by the disjunctive conjunction 'or' and separated by a comma"). Additionally, specific statutory provisions control general provisions when the two are in conflict. Minn.Stat. § 645.26, subd. 1 (2010). Therefore, to the extent that there is any conflict between the provisions of sections 609.582, subdivision 1a, and section 609.583, the specific provision for sentences for the crime of burglary of an occupied dwelling controls. We conclude that the district court erred when it ruled that Minn.Stat. § 609.583 granted it authority to depart from the statutory-mandatory-minimum sentence contained in Minn.Stat. § 609.582, subd. 1a.

Rausch argues that the state's position on appeal is contrary to the position it took in negotiating Rausch's plea agreement when it agreed that Rausch could ask the district court to impose less than six months in jail. Rausch argues that "if the state believed that the district court could not impose less than 180 days of local incarceration because of Minn.Stat. § 609.582, subd. 1a, then it should *not* have promised [Rausch] that she could make that request to the court in an effort to induce her to plead guilty." Rausch correctly notes that our holding may give rise to a motion to withdraw her plea as not voluntary or intelligent, but that is not an issue involved in this appeal.

## DECISION

Because the legislature has not granted the district court the discretion to sentence without regard to the mandatory-minimum sentence contained in Minn.Stat. § 609.582, subd. 1a, the district court erred by failing to impose on Rausch the mandatory-minimum sentence for burglary of an occupied dwelling.

**Reversed and remanded.**

RANDALL, Judge (concurring specially).

I concur in the result. The majority correctly found its way between Minn.Stat. § 609.583 (2010) and Minn.Stat. § 609.582, subd. 1a (2010), albeit a path made murky by the overlapping nuances between the two statutes.

I write separately to emphasize that the plea agreement of record was not intelligent and was not voluntary, and therefore respondent should have the right to withdraw her guilty plea and start over. The district court and defense counsel were misled into believing that appellant had the right to argue in good faith for leniency (not a guarantee of leniency, but the right to argue for leniency) and that the district court had the right to consider those arguments and take them into account in fashioning an appropriate sentence. This turned out not to be the case.

Respondent made a compelling argument and the district court recognized that this case is not what the legislature had in mind when it defined the serious crime of "burglary." Respondent was fighting with her boyfriend (the record shows they were still in a relationship at the time of sentencing and he was pushing neither for harshness nor damaged-property restitution). Unfortunately, it was outside his house. If this had happened at a bar, or in another public place, it might never have been called in, much less charged out at a

felony level. Respondent fought with her boyfriend and then went outside and "keyed" his car. There is nothing in the record to indicate that she "sent him to the hospital" or otherwise seriously injured him. The state, rather than charging simple assault or disorderly conduct or misdemeanor criminal damage to property, and getting rid of this case at that level, chose to charge, as the majority points out, two serious counts of burglary, one count of harassment, and one count of assault. The record does not explain why the plea agreement ended up revolving around first-degree burglary of an occupied building, Minn.Stat. § 609.582, subd. 1a, rather than some other criminal statute, which would have obviated the need for an appeal.

The district court gave a thoughtful and fair sentence properly reflecting the facts of the crime. There was a stay of imposition of sentence, 10 years of probation, 60 days in the workhouse with 15 days to be served in custody and the remaining days to be served in alternative service. That carefully fashioned sentence reflected all that this case was worth.

As the majority points out, respondent argues that the essence of the plea agreement was that she had the right to argue for leniency at sentencing. Respondent argues in her brief that the prosecutor stated, "It's my understanding that alternatives to sentencing were up to the Court."

There was no good-faith plea agreement here. As the state argues vigorously on appeal, regardless of the facts, the district court had absolutely no authority to listen to respondent's argument for leniency and that the district court's hands were tied by Minn.Stat. § 609.582, subd. 1(a), and the court could do nothing else. The way I interpret the ABA Standards, the state had an obligation to the district court to inform the court before sentencing that the mitigating facts of this so-called home-invasion burglary were irrelevant, that any argument the defendant might make for leniency would be irrelevant, and that only the mandatory minimum sentence, or something more severe, could be imposed. *See* American Bar Association, *ABA Standards for Criminal Justice Prosecution Function and Defense Function, Standard* 3–1.2(b) (stating that the prosecutor is an "officer of the court"), 3–2.8(a) (stating that the prosecutor "should not intentionally misrepresent matters of fact or law to the court") (3d ed.1993).

To me, as a matter of absolute certainty, respondent's guilty plea was premised on her belief that she would have the right to make a good-faith argument for leniency in sentencing and the possibility existed that she might get her way. That was the plea agreement respondent thought she made with the state. That was not the plea agreement the state felt compelled to abide by, as seen by the arguments the state made on appeal. To me, it never should have gotten this far. The state should have advised the district court from the outset that, in its opinion, the district court had no discretion in sentencing to do anything but sentence respondent to the mandatory minimum, all equity arguments notwithstanding.

I concur in the result, but I strongly urge respondent to move the district court to withdraw her guilty plea, enter a plea of not guilty, and start all over.