*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0368**

State of Minnesota,
Appellant,

vs.

Esteban J. Ramos, Jr.,
Respondent

**Filed August 24, 2015
Reversed and remanded
Klaphake, Judge**[*]

Kandiyohi County District Court
File No. 34-CR-14-626

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Shane D. Baker, Kandiyohi County Attorney, Stephen J. Wentzell, Assistant County Attorney, Willmar, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, St. Paul, Minnesota (for respondent)

        Considered and decided by Peterson, Presiding Judge; Stauber, Judge; and Klaphake, Judge.

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Esteban Ramos, Jr., pleaded guilty to the crime of second-degree sale of a controlled substance in November 2014. Over the state's objection, the district court granted appellant a dispositional departure from the sentencing guidelines, and it ordered him to serve a prison term of 117 months but stayed the sentence for 20 years and placed him on probation. The state appealed. We reverse the district court's sentence because the court did not have the discretion to stay execution of appellant's prison term, and we remand to the district court for resentencing.

## DECISION

The state argues that the district court was required to sentence appellant to prison for at least three years under Minnesota Statutes section 152.022, subdivision 3(b) (2014).[1] Whether this statute requires a mandatory-minimum term of incarceration is a question of statutory construction that this court reviews de novo. *State v. Bluhm*, 676 N.W.2d 649, 651 (Minn. 2004).

Appellant was charged with second-degree sale of a controlled substance under Minnesota Statutes section 152.022, subdivision 1(1) (2014). Because he had two previous controlled-substance convictions, the following provision of that section also

---

[1] Appellant argues that the state forfeited this argument because as part of the plea agreement it agreed that appellant could argue for a departure. But the state clearly opposed the departure and expressed its opposition at both the plea hearing and the sentencing hearing. Because this issue was raised to the trial court and not just on appeal, the state did not forfeit this argument. *See State v. Sorenson*, 441 N.W.2d 455, 457 (Minn. 1989) ("Usually, we will not decide issues which are not first addressed by the trial court and are raised for the first time on appeal . . . .").

applied: "If the conviction is a subsequent controlled substance conviction, a person convicted under subdivision 1 . . . shall be committed to the commissioner of corrections for not less than three years . . . ." Minn. Stat. § 152.022, subd. 3(b). "A defendant convicted and sentenced to a mandatory sentence under sections 152.021 to 152.025 . . . is not eligible for probation, parole, discharge, or supervised release until that person has served the full term of imprisonment as provided by law . . . ." Minn. Stat § 152.026 (2014).

In *State v. Adams*, this court reversed a district court's decision to stay execution of a defendant's sentence where the defendant was convicted of a subsequent controlled-substance offense. 791 N.W.2d 757, 757 (Minn. App. 2010), *review denied* (Minn. Mar. 15, 2011). The *Adams* court held: "Because Adams's conviction in this case is a subsequent controlled-substance conviction, we conclude that sections 152.022, subdivision 3(b), and 152.026 mandate an executed prison sentence of three years; they prohibit a stay of execution of sentence and probation." *Id*. at 759. The court reversed and remanded the district court's decision to stay execution of the defendant's sentence because "[t]he district court lacked discretion to place Adams on probation instead of committing her to the minimum term called for in section 152.022, subdivision 3(b)." *Id*.

The district court here similarly lacked discretion to stay execution of appellant's sentence. We recognize appellant's contentions that mandatory-minimum sentences essentially tie a district court's hands and that there has been a societal shift from mandatory-minimum sentencing in recent years, but we must apply the law. *See State v. McCormick*, 835 N.W.2d 498, 510 (Minn. App. 2013) (stating that it is not this court's

3

role to abolish established law), *review denied* (Minn. Oct. 15, 2013). Pursuant to sections 152.022, subdivision 3(b), and 152.026, as they have plainly and consistently been interpreted since *Adams*, the district court was required to sentence appellant to a minimum of three years in prison, and it erred by failing to do so. We reverse the sentence and remand for the district court to resentence appellant consistent with this opinion.

**Reversed and remanded.**